UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN WARD,

           Petitioner,                    Case No. 1:08-cv-1207

v.                                            Honorable Robert Holmes Bell

CINDI S. CURTIN,

           Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of jurisdiction.

**Factual Allegations**

Petitioner Nathan Ward presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Oaks Correctional Facility. He currently is serving a term of life without parole, imposed by the Wayne County Circuit Court on March 26, 2008, after Petitioner was convicted of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(a). According to MDOC records,[1] Petitioner has been discharged from an additional eight convictions, with conviction dates ranging from 1972 to 2000 and discharge dates from 1980 to 2006. The discharged convictions include second-degree home invasion, assault with a dangerous weapon, felony-firearm, receiving stolen property, larceny in a building, attempted carrying of a concealed weapon, attempted armed robbery and unarmed robbery.

In his habeas application, Petitioner challenges his 1979 conviction for the attempt to carry a concealed weapon, MICH. COMP. LAWS § 750.227. Petitioner was discharged on the conviction on October 7, 1980. He now contends that he was falsely imprisoned by the MDOC on a sentence of six to thirty months because he never received legal process and was never properly convicted.

Petitioner seeks declaratory and injunctive relief, expungement of his conviction, and monetary damages for each day he was illegally confined.

---

[1] *See* MDOC Offender Tracking Information System (OTIS), http://www.state.mi.us/modc/asp?mdocNumber=132491.

**Discussion**

To the extent Petitioner seeks to challenge his 1979 conviction, this Court is without subject matter jurisdiction to grant habeas corpus relief. Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a § 2254 habeas petition be filed when a person is "in custody" for that conviction "in violation of the Constitution or laws or treaties of the United States." Ordinarily, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). In the present case, Petitioner's 1979 sentence completely expired on October 10, 1980, the date on which he was unconditionally discharged by the MDOC. Under *Maleng*, the mere fact that he may face collateral consequences from the 1979 conviction, such as the possibility in a future conviction of a sentencing enhancement as a habitual offender, does not render him "in custody" under the 1979 conviction.

At the time *Maleng* was decided, however, the Court reserved the question whether a petitioner who was in custody for a second conviction, the sentence for which was enhanced by virtue of a prior expired sentence, could question the legality of the prior sentence in a habeas petition challenging the second conviction. *See Maleng*, 490 U.S. at 492-93); *Young v. Vaughn*, 83 F.3d 72, 74 (3d Cir. 1996); *Gamble v. Parsons*, 898 F.2d 117, 118 (10th Cir. 1990); *Starks v. Straub*, No. 96-1044, 1997 WL 468325, at *2 (6th Cir. 1997). Arguably, Petitioner's *pro se* application, construed liberally, attacks the 1979 conviction insofar as it was used to enhance some later sentence.

In 2001, however, the Supreme Court squarely decided the question left open in *Maleng*. The Court held that

>once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001) (holding that petitioner could not challenge under § 2255 a prior state-court conviction used to enhance a subsequent federal sentence)).

The *Lackawanna* Court held that an exception to the rule is available when the petitioner seeks to challenge an enhanced subsequent sentence on the basis that the earlier sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment. *Id.* at 404-05. Because Petitioner suggests that he received no process at all, including representation by counsel, he arguably falls within the *Lackawanna* exception. However, the Court notes that Petitioner has been discharged on all of his subsequent offenses, with the exception of the sentence arising from his 2008 conviction for first-degree murder. Inasmuch as life imprisonment without parole is the mandatory sentence for a conviction for first-degree murder, *see* MICH. COMP. LAWS § 750.316(a), Petitioner's sentence on that offense could not have been enhanced on the basis of the 1979 conviction. As a result, the *Lackawana* exception does apply to his sentence for first-degree murder. Because Petitioner is not in custody on any offense for which the sentence conceivably could have been enhanced based on his 1979 conviction,[2] this Court lacks jurisdiction to consider the petition.

---

[2] Petitioner at no time suggests that he was deprived of counsel with respect to any of those subsequent convictions. He therefore cannot demonstrate that he falls within the *Lackawana* exception with respect to any of those convictions for which he has been discharged.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 for lack of jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

This Court denied Petitioner's application on the procedural ground of lack of jurisdiction. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of jurisdiction. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated: January 8, 2009                               /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE